

120 BROADWAY, NEW YORK, NY 10271
TEL: 212.980.9600   FAX: 212.980.9291   WWW.KBRLAW.COM

April 4, 2011

JONATHAN B. BRUNO
DIRECT: 212.994.6522
JBRUNO@KBRLAW.COM

**VIA FIRST CLASS MAIL AND ECF**

Honorable Sandra J. Feuerstein
United States District Court
Eastern District of New York
290 Federal Plaza
Central Islip, New York 11722

Re:   Jack Nicholson v. Forster & Garbus LLP, Ronald Forster and Mark A. Garbus
        United States District Court/Eastern District of New York
        Civil Action No.  CV-11-0524
        KBR File No.  183.002

Dear Judge Feuerstein:

We represent the defendants in the above-referenced action.  We write in response to Plaintiff's counsel's letter dated April 1, 2011 in which Plaintiff asks the court to stay Defendants' Partial Motion to Dismiss.  Defendants served their Partial Motion to Dismiss on March 30, 2011. Pursuant to Your Honor's individual rules of practice, we did not electronically file our motion and intend to do so after the motion is fully briefed.

Defendants object to Plaintiff's letter in it its entirety.  The time for Plaintiff to raise his points is in his opposition papers, not via a letter to the court.  Defendants' motion is not premature, it is a pre-answer motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Moreover, the extrinsic evidence referenced by Plaintiff was properly attached to Defendants' motion.  As noted in our memorandum of law, in reviewing a motion to dismiss for failure to state a claim, a court may consider allegations in the complaint, exhibits attached to the complaint or incorporated therein by reference, matters of which judicial notice may be taken, and documents of which Plaintiff has notice and on which it relied in bringing its claim or that are integral to its claim.  See Gryl ex rel. Shire Pharmaceuticals Group PLC v. Shire Pharmaceuticals Group PLC, 298 F.3d 136, 140 (2d Cir. 2002) citing Chambers v. Time Warner, Inc., 282 F.3d 147, 152-154 (2d Cir. 2002).  Although a federal district court may not, on a motion to dismiss, take factual findings in state court proceedings for the truth of the matter asserted; the scope of judicial notice does include the fact of such litigation, related filings, and any act of the court.  See Salichs v. Tortorelli, 2004 WL 602784 * 3 (S.D.N.Y. 2004).  The Summons and Complaint and Judgment from Plaintiff's state court debt collection action, which this court may take judicial notice of, were attached as exhibits to our motion.  The state court

Page 2

action was identified by Plaintiff in his Complaint. If Plaintiff takes issue with the inclusion of these pleadings to Defendants' motion, he can raise the argument in his opposition papers.

In addition, Rule 56(d)(2), relied upon by Plaintiff for the proposition that he should be entitled to conduct discovery, is irrelevant to Defendants' motion because Plaintiff does not need discovery to oppose the motion. Defendants' motion challenges the sufficiency of the Complaint by asserting that Plaintiff has failed to state a cause of action under both the General Business Law and Judiciary Law. Moreover, Rule 56(d)(2) requires Plaintiff to show "by affidavit or declaration that, for specified reasons, [he] cannot present facts essential to justify its opposition…" Plaintiff has not submitted an affidavit or declaration in support of his letter and therefore has not met his burden under the rule.

Finally, Plaintiff misstates the nature of Judiciary Law § 487 claims. The discovery requested by Plaintiff would not lead to the discovery of admissible evidence relating to this claim. Judiciary Law § 487 requires Plaintiff to plead and ultimately prove deceit upon him during a judicial proceeding. In support of their partial Motion to Dismiss, Defendants argued that the only specific allegation regarding the purportedly deceitful conduct relates to one alleged call that occurred *after* the conclusion of the proceeding. The only judicial proceeding referred to in the Complaint was the state court action, wherein Plaintiff defaulted. Whether or not Forster & Garbus contacted other consumers has no bearing on Plaintiff's Judiciary Law claim and, therefore Defendants respectfully request that the court reject Plaintiff's letter and allow Defendants' Partial Motion to Dismiss to be fully briefed.

Thank you for your consideration.

Very truly yours,

KAUFMAN BORGEEST & RYAN LLP

Jonathan B. Bruno

cc: Abraham Kleinman, Esq. (via ECF)

KAUFMAN BORGEEST & RYAN LLP

1499311