FILED
IN CLERK'S OFFICE
US DISTRICT COURT E D N Y

★ JAN 3 0 2012 ★

LONG ISLAND OFFICE

D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JACK NICHOLSON,
individually and on behalf of a class,

                  Plaintiff,

-against-

FORSTER & GARBUS LLP,
RONALD FORSTER AND MARK A. GARBUS,

                  Defendants.
------------------------------------------------------------X

**ORDER**
11-CV-0524 (SJF)(WDW)

FEUERSTEIN, District Judge:

On February 2, 2011, plaintiff Jack Nicholson, bringing this action "individually and on behalf of a class" ("plaintiff"), commenced this action, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., New York Judiciary Law § 487, and New York General Business Law § 349.

Before the Court is the motion of defendants Forster & Garbus LLP, Ronald Forster, and Mark A. Garbus (collectively, "defendants") to dismiss the second and third causes of action in the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). [Docket Entry No. 15]. For the reasons that follow, defendants' motion is granted.

1

I.  The Complaint[1]

Plaintiff alleges that, in or around December 2010, he was "continually contacted by telephone purportedly by Forster & Garbus LLP which sought to collect a debt incurred for personal, family or household use and not for business purposes." Complaint [Docket Entry No. 1] ("Compl.") at ¶ 7. The caller was "not a member of Forster & Garbus LLP," but was employed by "Jindal Intellicom Contact Centers located in New Delhi, India." Id. at ¶¶ 8-9.

Plaintiff claims that defendants' "practice of having a non attorney contact consumers from an independent Call Center located in India representing that the caller is a member of Forster & Garbus LLP . . . or under the direct supervision of an attorney at Forster & Garbus, when he is not . . . adversely affected dozens of persons." Id. at ¶¶ 10-11. The Complaint alleges violations of 15 U.S.C. §§ 1692e, 1692e(10), and 1692e(14), Section 487 of the New York Judiciary Law, and Section 349 of the New York General Business Law. Plaintiff seeks to bring this case on behalf of a class. Id. at ¶ 24.[2]

II.  Analysis

　　A.  Motion to Dismiss Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556

---

[1] For purposes of defendants' motion to dismiss, the factual allegations in plaintiff's Complaint are taken as true. Harris v. Mills, 572 F.3d 66, 71 (2d Cir. 2009).

[2] Although the Complaint contains a number of "class allegations," the Court may rule on a motion to dismiss before resolving the issue of class certification. Foti v. NCO Fin. Sys, Inc., 424 F.Supp.2d 643, 647 n. 2 (S.D.N.Y. 2006) (citing Schweizer v. Trans Union Corp., 136 F.3d 233, 239 (2d Cir. 1998)).

2

U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A pleading that offers 'labels and conclusions' or 'a 'formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 557).

In deciding a motion pursuant to Rule 12(b)(6), the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Matson v. Bd. of Educ. of the City Sch. Dist. of N.Y., 631 F.3d 57, 63 (2d Cir. 2011); see also Ruston v. Town Bd. for the Town of Skaneateles, 610 F.3d 55, 59 (2d Cir. 2010) ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 1950. "While a complaint need not contain detailed factual allegations, it requires more than an unadorned, the defendant-unlawfully-harmed-me accusation." Matson, 631 F.3d at 63 (internal quotation marks and citation omitted).

B.  Judiciary Law Section 487

Section 487 of the New York State Judiciary Law provides as follows:

3

An attorney or counselor who:

1. Is guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party; or,
2. Wilfully delays his client's suit with a view to his own gain; or, wilfully receives any money or allowance for or on account of any money which he has not laid out, or becomes answerable for,

Is guilty of a misdemeanor, and in addition to the punishment prescribed therefor by the penal law, he forfeits to the party injured treble damages, to be recovered in a civil action.

"[T]he alleged deceit forming the basis of such a cause of action, if it is not directed at a court, must occur during the course of a pending judicial proceeding." Costalas v. Amalfitano, 305 A.D.2d 202, 204, 760 N.Y.S.2d 422 (1st Dep't 2003) (internal quotation marks and citation omitted); see also Kuruwa v. Meyers, 09 Civ. 4412, 2011 WL 5059187, at *5 (S.D.N.Y. Oct. 24, 2011); Serova v. Teplen, No. 05 Civ. 6748, 2006 WL 349624, at *5 (S.D.N.Y. Feb. 16, 2006); Henry v. Brenner, 271 A.D.2d 647, 648, 706 N.Y.S.2d 465, 466 (2d Dep't 2000) ("[T]he statute only applies to wrongful conduct by an attorney in a suit actually pending.").

In his brief, plaintiff argues that defendants used deception in an attempt to "enforce" a state court judgment against him, and that defendants' conduct "stem[s] from the underlying lawsuit." Plaintiff's Brief [Docket Entry No. 15-8] ("Pl. Br.") at 2. However, in this case, the allegedly false statements were not directed to a court, nor did they occur "during the course of a pending judicial proceeding." According to plaintiff, defendants' actions took place after a court proceeding had already concluded.

Plaintiff's reliance on Sykes v. Mel Harris & Assocs., 757 F.Supp.2d 413 (S.D.N.Y. 2010) is misplaced. In Sykes, the plaintiff alleged that the defendants

4

conducted a scheme to obtain default judgments by "failing to serve a summons and complaint and then filing a fraudulent affidavit attesting to service." Sykes, 757 F.Supp.2d at 417. In other words, the allegedly fraudulent activity occurred during the course of a pending judicial proceeding.

Section 487 does not apply to the debt-collection activities alleged in this case. Therefore, defendants' motion to dismiss the second cause of action is granted.

    C.    General Business Law Section 349

Section 349 of the New York General Business Law states that "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are . . . unlawful." N.Y. Gen. Bus. Law § 349(a). "To state a claim under § 349, a plaintiff must allege: (1) the act or practice was consumer-oriented; (2) the act or practice was misleading in a material respect; and (3) the plaintiff was injured as a result." Spagnola v. Chubb Corp., 574 F.3d 64, 74 (2d Cir. 2009) (citing Maurizio v. Goldsmith, 230 F.3d 518, 521 (2d Cir. 2000) (per curiam)). "[T]he gravamen of [a section 349 claim] must be consumer injury or harm to the public interest." Securitron Magnalock Corp. v. Schnabolk, 65 F.3d 256, 264 (2d Cir. 1995).

First, the Complaint fails to adequately allege consumer injury. Plaintiff alleges that "[d]efendants' wrongful and deceptive acts have caused injury and damage" and that he and "class members" have "suffered compensable harm," Compl. at ¶¶ 45, 47, but fails to explain the nature of the alleged injury or harm to the public interest. Such conclusory allegations of damages are insufficient to state a claim pursuant to Section 349. See, e.g., Lane v. Fein, Such

and Crane, LLP, 767 F.Supp.2d 382, 391 (E.D.N.Y. 2011) ("plaintiffs have alleged no facts . . . that show that the alleged acts of the defendant caused any quantifiable damage"); Stadt v. Fox News Network LLC, 719 F.Supp.2d 312, 324 (S.D.N.Y. 2010) ("the Complaint lack[s] any allegations as to how consumers were harmed by [defendant's] 'misleading' behavior"). Second, the Complaint fails to allege that defendants' actions were misleading in any "material respect." See, e.g., Maurizio v. Goldsmith, 230 F.3d 518, 522 (2d Cir. 2000); Stadt, 719 F.Supp.2d at 324 n. 79. Therefore, defendants' motion to dismiss the third cause of action is also granted.

III. Conclusion

For the foregoing reasons, defendants' motion for partial dismissal is granted. Counts Two and Three of the Complaint are dismissed. A conference before the Court is scheduled for **Monday, February 13, 2012 at 11:15 a.m.**

**SO ORDERED.**

/Sandra J. Feuerstein
United States District Judge

Dated: January 30, 2012
Central Islip, New York