UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JACK NICHOLSON,

                Plaintiff,

                **OPINION AND ORDER**
-against-                 11-CV-524 (SJF)(WDW)

FORSTER & GARBUS LLP, RONALD FORSTER,
and MARK A. GARBUS,

                Defendants.
----------------------------------------------------------------X

FEUERSTEIN, J.

On February 2, 2011, plaintiff Jack Nicholson ("plaintiff") commenced this action, on behalf of himself and others similarly situated, against Forster & Garbus LLP, Ronald Forster and Mark A. Garbus ("defendants"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq., New York Judiciary Law § 487, and New York General Business Law § 349. [Docket Entry No. 1] ("Compl."). On January 30, 2012, the Court granted defendants' motion to dismiss the claims asserted pursuant to New York Judiciary Law § 487 and New York General Business Law § 349. [Docket Entry No. 16]. Now before the Court are the cross-motions of defendants [Docket Entry No. 43] and plaintiff [Docket Entry No. 37] for summary judgment on the remaining FDCPA claim. [Docket Entry No. 37].[1] For the reasons

---

[1] On March 4, 2013, after the parties filed their motions for summary judgment, plaintiff filed a motion for class certification. [Docket Entry No. 58]. Neither party objects to the Court deciding the motions for summary judgment prior to the pending class certification motion. See Pl. Memo. at 11 ("It is within the court's discretion to consider the merits of the claims before their amenability to class certification."); see also, e.g., Schweizer v. Trans Union Corp., 136 F.3d 233, 239 (2d Cir. 1998) ("There is nothing in Rule 23 which precludes the court from examining the merits of plaintiff's claims on a proper Rule 12 motion to dismiss or Rule 56 motion for summary judgment simply because such a motion precedes resolution of the issue of class certification.") (internal quotation marks omitted).

1

that follow, defendants' motion is GRANTED, and plaintiff's motion is DENIED.

I.  Background

Forster & Garbus, a law firm primarily engaged in debt collection, was retained by Atlantic Credit & Finance, Inc. in 2009 to commence a collection action against plaintiff. Defendants' Rule 56.1 Statement of Undisputed Material Facts [Docket Entry No. 44] ("Def. 56.1 Stmt.") at ¶¶ 1-2. Plaintiff failed to appear in the collection action, and Forster & Garbus obtained a default judgment against him in December 2009. Id. at ¶¶ 2-4.

Forster & Garbus contracted with Intellicom Contact Centers ("Intellicom"), a call center in India, to make collection calls on its behalf. Id. at ¶ 7. On December 10, 2010, plaintiff spoke to an Intellicom employee who identified himself as Ralph Bryant. Id. at ¶¶ 26-27.[2] The call was recorded, and the transcript reads, in relevant part, as follows:

> Mr. Bryant: Okay. Mr. Jack, I'm calling you on behalf of Forster & Garbus, regarding your Atlantic Credit and Finance (indiscernible) account, sir.
>
> * * *
>
> Mr. Bryant: And this is an attempt to collect your debt. Any information obtained will be used for that purpose, and Mr. Jack, the same balance with is due on this account is $10,086.45, sir.
>
> Mr. Nicholson: All right. But listen to me. . . . I've been working with Mr. Kleinman, the lawyer. So, I need you to contact him. He's supposed to be trying to do something with you guys to work out a settlement.
>
> * * *
>
> Mr. Bryant: Okay. Not a problem, sir. . . . What I'm going to do is, that I will take out the information from you, and I'll contact your lawyer and get this account paid, but before that, can you please verify me your current mailing address, just to make sure –
>
> * * *

---

[2]  The Intellicom employee's real name is Rahul Dhingra. Def. 56.1 Stmt. at ¶ 27.

2

> Mr. Nicholson: Yeah, you can contact him. He has my paperwork. He was supposed to be in contact with you guys. I don't know if he spoke to anyone in your office, but he's already dealt with two other judgments for my wife's name.
>
> * * *
>
> Mr. Bryant: Abraham Kleinman, sir. Not a problem, sir, I'll contact Mr. Abrahim (sic), and get this account paid –
>
> * * *
>
> Mr. Bryant: Yes. Because we have a very good offer to settle this account. I'll call him right now, okay?
>
> * * *

Affidavit of Joel D. Liederman ("Liederman Aff.") Ex. F [Docket Entry No. 46-6].

II. Standard

"Summary judgment must be granted where the pleadings, the discovery and disclosure materials on file, and any affidavits show 'that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Brown v. Eli Lilly & Co., 654 F.3d 347, 358 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). "In ruling on a summary judgment motion, the district court must resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment and determine whether there is a genuine dispute as to a material fact, raising an issue for trial." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 202 (2d Cir. 2007) (internal quotation marks omitted). "A fact is material if it might affect the outcome of the suit under the governing law, and an issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Ramos v. Baldor Specialty Foods, Inc., 687 F.3d 554, 558 (2d Cir. 2012) (internal quotation marks omitted). "There is no genuine issue of material fact where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Fabrikant v. French, 691 F.3d 193, 205 (2d Cir. 2012) (internal quotation marks omitted); see

also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.").

III.   Analysis

The FDCPA proscribes the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. "Congress enacted [the] FDCPA in order to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." Greco v. Trauner, Cohen & Thomas, L.L.P., 412 F.3d 360, 363 (2d Cir. 2005) (internal quotation marks omitted). To determine whether the FDCPA has been violated, a court must view the conduct in question objectively from the perspective of the "'least sophisticated consumer.'" Jacobson v. Healthcare Fin. Servs., Inc., 516 F.3d 85, 90 (2d Cir. 2008) (quoting Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993)); see also Gabriele v. Am. Home Mortg. Serv., Inc., No. 12-985-cv, 2012 WL 5908601, at *4 (2d Cir. Nov. 27, 2012) ("Our case law demonstrates that communications and practices that could mislead a putative-debtor as to the nature and legal status of the underlying debt, or that could impede a consumer's ability to respond to or dispute collection, violate the FDCPA."). The purpose of this objective standard is to "ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." Clomon, 988 F.2d at 1318. "[I]n addition to protecting consumers against deceptive debt collection practices, the objective test . . . protects debt collectors from unreasonable constructions of their communications." Jacobson, 516 F.3d at 90 (citation and quotation marks omitted); see also Clomon, 988 F.2d at 1319 (stating that "in crafting a norm that protects the

4

naive and the credulous the courts have carefully preserved the concept of reasonableness") (citation omitted).

According to plaintiff, "[t]he practice of having a non attorney contact consumers from an independent Call Center located in India representing that the caller is a member of Forster & Garbus LLP violates [the FDCPA], by misrepresenting that the caller is a member of Forster & Garbus or under the direct supervision of an attorney at Forster & Garbus when he is not." Compl. at ¶ 10.[3] Defendants argue that plaintiff's FDCPA claim must be dismissed because (1) Bryant "made no misrepresentations regarding his identity or the fact that he was not an attorney, and therefore it was not reasonable for [plaintiff] to believe otherwise," and (2) even if defendants or Intellicom made misrepresentations to plaintiff, such misrepresentations were not material.[4]

The transcript of the December 10, 2010 call demonstrates that even the "least sophisticated consumer" could not have reasonably believed that Bryant was an attorney. Although Bryant stated that he was calling "on behalf of Forster & Garbus," he did not state or

---

[3] Plaintiff specifically alleges that defendants' conduct violated the provisions of the FDCPA prohibiting: (1) the "false representation or implication that any individual is an attorney or that any communication is from an attorney," 15 U.S.C. § 1692e(3); (2) "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," 15 U.S.C. § 1692e(10); and (3) "[t]he use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization," 15 U.S.C. § 1692e(14).

[4] Given the Court's determination that the December 10, 2010 call was not misleading, it is not necessary to decide whether the alleged misrepresentations were material and whether materiality is a requirement for an actionable FDCPA claim. See, e.g., Gabriele, 2012 WL 5908601, at *3 ("[S]everal other circuit courts, as well as a number of district courts in this Circuit, read a materiality requirement into the FDCPA's prohibition of false, deceptive, or misleading practices in the collection of a debt."); Shami v. Nat'l Enter. Sys., --- F. Supp.2d ---, 2012 WL 6720698, at *7 (E.D.N.Y. Dec. 27, 2012) ("Even an objectively false statement must be material to violate § 1692."); Lane v. Fein, Such and Crane, LLP, 767 F. Supp.2d 382, 390 (E.D.N.Y. 2011) (holding that statement was not "materially false or misleading, and thus does not violate Section 1692e").

5

imply that he was himself an attorney, see Ostrander v. Accelerated Receivables, No. 07-CV-827C, 2009 WL 909646, at *6 (W.D.N.Y. Mar. 31, 2009) ("Even applying the 'least sophisticated consumer' standard, it cannot be said that by simply stating that she worked in the 'legal department,' defendant . . . gave a 'false representation or implication' that she was an attorney at law or that the communication was from an attorney, in violation of 15 U.S.C. § 1692e(3)."), and plaintiff has offered no support for the proposition that the FDCPA prohibits a non-attorney from contacting debtors on an attorney's behalf, see Gabriele, 2012 WL 5908601, at *4 ("[C]ommunications from debt collectors that are misleading or deceptive as to the identity or involvement of the debt collector violate the FDCPA.") (citing Maguire v. Citicorp Retail Servs., Inc., 147 F.3d 232, 237-38 (2d Cir. 1998); Clomon, 988 F.2d at 1321-22).

The Court rejects plaintiff's argument that Bryant's statement, "[W]e have a very good offer to settle this account," Liederman Aff. Ex. F, "unequivocally convey[ed] the impression both to Plaintiff and Plaintiff's counsel that he had full authority to unilaterally negotiate a settlement of Plaintiff's judgment," Plaintiff's Brief in Opposition to Defendants' Motion for Summary Judgment [Docket Entry No. 50] ("Pl. Memo.") at 6-7. Given Bryant's representation that he was calling "on behalf of" Forster & Garbus and the absence of any indication that he was an attorney, there was no reasonable basis for a consumer to conclude from the mention of the possibility of settlement that Bryant was an attorney representing the creditor. Therefore, the December 10, 2010 phone call was not deceptive or misleading. Since plaintiff has not offered any other evidence of alleged misrepresentations made by defendant or Intellicom to plaintiff,[5]

---

[5] Defendants are correct that the alleged misrepresentations made by an Intellicom employee to plaintiff's counsel subsequent to the December 10, 2010 call are not relevant to plaintiff's FDCPA claim. See Tromba v. M.R.S. Assocs., Inc., 323 F. Supp.2d 424, 428 (E.D.N.Y. 2004) ("Plaintiff has no cause of action under the FDCPA where a communication was solely directed to her attorney and no threat was made regarding contact with the debtor

there is no genuine dispute as to any material fact with respect to whether defendants violated the FDCPA, and plaintiff's complaint must be dismissed.[6]

IV. Conclusion

For the foregoing reasons, defendants' motion for summary judgment [Docket Entry No. 43] is GRANTED, plaintiff's motion for summary judgment [Docket Entry No. 37] is DENIED, and plaintiff's complaint is dismissed with prejudice. The Clerk of Court is respectfully directed to close this case.

**SO ORDERED.**

/s/ Sandra J. Feuerstein

SANDRA J. FEUERSTEIN
United States District Judge

Dated: May 17, 2013
Central Islip, New York

---

herself."); Kropelnicki v. Siegel, 290 F.3d 118, 127-28 (2d Cir. 2002) ("Where an attorney is interposed as an intermediary between a debt collector and a consumer, we assume the attorney, rather than the FDCPA, will protect the consumer from a debt collector's fraudulent or harassing behavior. However, this is not an issue on which we need to rule today.").

[6] The Court rejects plaintiff's argument that it must allow a jury to determine whether defendants' conduct was misleading. Pl. Memo. at 8 ("In order to grant Defendants the relief they request, this Court would necessarily have to address an issue normally reserved for a jury; that question being whether the Defendants' collection practices would tend to mislead or confuse the unsophisticated consumer. For this reason alone, Defendants' motion should be denied."). Whether a communication by a debt collector is misleading to the least sophisticated consumer is an objective question that may be determined by the Court as a matter of law. See, e.g., Schweizer, 136 F.3d at 238 ("In this instance, . . . the question of deceptiveness is appropriate for summary judgment."); Harry v. Pentagroup Fin., LLC, No. 04 Civ. 4003, 2007 WL 812998, at *2 (E.D.N.Y. Mar. 14, 2007) ("Whether the particular wording of a letter violates the FDCPA is an issue of law that can be decided by a court on a motion for summary judgment."); Berger v. Suburban Credit Corp., 04 Civ. 4006, 2006 WL 2570915, at *3 (E.D.N.Y. Sept. 5, 2006) (stating that "the Second Circuit has indicated that the determination of how the least sophisticated consumer would view language in a defendant's collection letter is a question of law because the standard is an objective one") (citing Schweizer, 136 F.3d at 237-38; Bentley v. Great Lakes Collection Bureau, 6 F.3d 60, 62-63 (2d Cir. 1993)).

7